IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARLAND MILLWOOD and SHELLY )
  MILLWOOD, his wife, )
                                              )
         Plaintiffs, )
                                              )
      vs. ) Civil Action No. 08-1698
                                              )
STATE FARM MUTUAL AUTOMOBILE )
  INSURANCE COMPANY, )
                                              )
         Defendant. )

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on December 19, 2008, at Docket No. 3. For the reasons discussed below, Defendant's Motion is denied without prejudice.

**I.    INTRODUCTION**

    A.    Factual Background[1]

According to the Complaint, Plaintiffs Arland Millwood and his wife, Shelly Millwood ("the Millwoods") entered into a comprehensive insurance agreement with Defendant State Farm ("the Policy.") On the night of February 27-28, 2007, Plaintiffs' automobile was vandalized by person or persons unknown while parked in Ohiopyle Borough, Fayette County, Pennsylvania. The vandals

---

[1] The facts in this section are based solely on the complete copy of the Complaint as filed at Docket No. 8, Exhibit 1 ("the Complaint.")

apparently stole audio equipment and a global positioning system from the car, then set fire to it, resulting in its total destruction. At the time, some of Plaintiffs' tools, equipment, clothing, and DVDs were also in the car and were either stolen or destroyed. Plaintiffs estimate their total damages from lost property at approximately $32,700.00.

The Millwoods immediately advised Defendant of the losses and sought coverage pursuant to the Policy which contained a Physical Damage Coverages clause. That provision, in pertinent part, stated:

> *Loss*[2] means, when used in this section, each direct and accidental loss of or damage to:
>
> 1. *your car*;
> 2. its equipment which is common to the use of *your car* as a vehicle;
> 3. clothes and luggage insured . . .

In addition, the Policy provided for Comprehensive Coverage which stated that Defendant "will pay for *loss* to *your car* EXCEPT *LOSS* BY *COLLISION* but only for the amount of each such *loss* in excess of the deductible amount, if any." The Policy also included a clause which covered out-of-pocket expenses for such things as the need to rent a car as the result of a loss.

Despite the fact that the premium payments on the Policy were fully up to date at the time of the loss and Plaintiffs had

---

[2] The Court assumes the use of italics in quotations from the Policy indicates a defined term therein.

2

otherwise complied with all the other terms of the Policy, on August 9, 2007, State Auto denied the claim and refused to pay for the physical damage, loss of personal items, or the associated car rental expenses.

B. Procedural Background

On or about November 24, 2008, Plaintiffs commenced suit against Defendant in the Court of Common Pleas, Fayette County, Pennsylvania, seeking compensatory damages, treble damages, punitive damages, interest, attorneys fees and costs. State Farm filed a timely notice of removal on December 12, 2008, contending that it was exercising its rights under 28 U.S.C. § 1441 to invoke jurisdiction in this Court on the basis of complete diversity of citizenship[3] and an amount in controversy greater than $75,000. See 28 U.S.C. § 1132(a)(1). Plaintiffs did not oppose removal.

Defendant immediately thereafter filed a motion to dismiss which is now ripe for decision.

II. **JURISDICTION AND VENUE**

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1132(a)(1). Venue is appropriate in this District inasmuch as the Policy is administered and a substantial part of the events or omissions giving rise to the claim occurred herein. 28 U.S.C. § 1391(a)(2).

---

[3] Plaintiffs are citizens of Pennsylvania; State Farm is a corporation organized under the laws of Illinois with its principal place of business in Bloomington, Illinois. (Complaint, ¶¶ 1-2.)

3

## III. STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff." Haspel v. State Farm Mut. Auto. Ins. Co., No. 06-3716, 2007 U.S. App. LEXIS 17074, *4 (3d Cir. July 16, 2007), *citing* Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). Under the standard established in Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969 (2007), a complaint will survive the motion to dismiss if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." (Emphasis in original.) (*Compare* Conley v. Gibson, 355 U.S. 41, 45-46 (1957), establishing that a motion to dismiss will be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

## IV. ANALYSIS

### A. Positions of the Parties

In their Complaint, the Millwoods bring three claims against Defendant State Farm. Count I alleges breach of the contract between themselves and State Farm to insure their vehicle and its contents against loss, including loss by vandalism. (Complaint, ¶¶ 4-18.) In Count II, Plaintiffs allege that as their

4

insurance carrier, State Farm owed a fiduciary duty to them and Defendant's failure to deal with them in the fair, objective, unbiased manner expected of an insurer was a breach of good faith. Consequently, they are entitled to compensation as provided in 42 Pa.C.S.A. § 8371.[4] (Id., ¶¶ 19-28.) Count III alleges that by the same acts, Defendant violated the Unfair Trade Practices Act and Consumer Protection Law, 73 P.S. §§ 201-1 et seq. ("Consumer Protection Law" or "CPL.") (Id., ¶¶ 29-31.)

In its motion to dismiss, State Farm argues that the second and third counts of the Complaint must be dismissed. Count III should be dismissed because the Consumer Protection Law applies only to consumer transactions, not to claims by an insured that the insurer denied or mishandled a claim. (State Farm's Motion to Dismiss, Doc. No. 3, ¶¶ 8-11.) Second the claim for alleged breach of fiduciary duty, i.e., statutory bad faith, brought in Count II is inapplicable to the facts of this case inasmuch as Pennsylvania law imposes a fiduciary duty on an insurer only in those instances where a third party claim has been brought against the insured. Since the Millwoods' complaint is based only on the refusal by

---

[4] 42 Pa.C.S. § 8371 provides in full:
    In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
    (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
    (2) Award punitive damages against the insurer.
    (3) Assess court costs and attorney fees against the insurer.

5

State Farm to compensate them for their loss and no third party is involved, no fiduciary duty runs from State Farm to the Millwoods. (Id., ¶¶ 12-16.)

B. Motion to Dismiss Count III

The Consumer Protection Law prohibits, among other things, "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. at § 201-3. Plaintiffs contend that the ultimate denial of coverage and the manner in which their claim was handled violated two specific sub-paragraphs of the CPL, i.e.,

> xiv) failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

and the "catch all" provision which prohibits

> (xxi) engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 P.S. § 201-2(4).

Defendant argues that the Millwoods' claim under the Consumer Protection Law should be dismissed because the claim is based only on State Farm's handling and denial of their claim, rather than fraud in advertising, sale or offering for sale of property or services, the scope of actions covered by the Law. Because only misfeasance is covered by the CPL and because the refusal to pay benefits under an insurance policy is nonfeasance, courts applying Pennsylvania law have consistently held that such refusals are not

6

actionable under this law. (State Farm's Brief in Support of Motion to Dismiss, Doc. No. 4, "Def.'s Brief," at 3-4, citing cases.) Moreover, "the vast majority" of relevant federal cases agree that an insured cannot maintain a claim under the CPL based only upon claim handling because such claims do not involve a consumer transaction. (Id. at 4, citing cases.)

Plaintiffs argue that they have alleged in the Complaint that State Farm's post-loss investigation was conducted in an "unfair, nonobjective, biased, reckless and outrageous manner for an improper purpose" and that similar allegations have been found by federal courts to state a claim for violation of Section 201-2(4)(xiv) of the CPL sufficient to withstand a motion to dismiss. (Brief in Opposition to Defendant's Motion to Dismiss, Doc. No. 6, "Plfs.' Brief," at 3.) Likewise, they contend they have stated a claim under the catch-all provision by alleging that State Farm failed to give their own interests the same consideration it gave its own. (Id. at 4-5.)

As the parties agree, the Pennsylvania Consumer Protection Law provides a private right of action to

> any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by Section 3 of this act.

73 P.S. § 201-9.2(a). As the parties further agree, the Consumer Protection Law applies only to claims of malfeasance (the doing of

7

an improper act) or of misfeasance (the improper performance of some act which a person may lawfully do.) Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995). Conversely, nonfeasance, i.e., the failure to perform an act a person ought to do, is not actionable under the CPL. Id. In short, "a defendant's improper performance of a contractual obligation is actionable under the [CPL] while its failure to perform a contractual duty is not." Fass v. State Farm Fire & Cas. Co., CA No. 06-2398, 2006 U.S. Dist. LEXIS 51478, *7-*8 (E.D. Pa. July 26, 2006); *see also* Baer v. Hartford Mut. Ins. Co., CA No. 05-1346, 2005 U.S. Dist. LEXIS 27913, *22 (E.D. Pa. Nov. 14, 2005) ("Misfeasance requires affirmative conduct, such as an act of misrepresentation or deception, or a reckless mistake made.") The failure of an insurer to pay the proceeds of an insurance policy is nonfeasance and thus is not actionable. Horowitz, id. At first glance, then, it appears State Farm is correct in its argument that Count III should be dismissed.

However, courts in this circuit applying the Pennsylvania Consumer Protection Law have allowed similar claims to proceed in certain circumstances. In Smith v. Nationwide Mut. Fire Ins. Co., 935 F.Supp. 616, 620-621 (W.D. Pa. 1996), for example, the plaintiff alleged, among other things, that the defendant had failed to perform "a reasonable and prompt investigation" and had falsely implied that the plaintiffs committed arson. The court

compared Smith's complaint to that in Parasco v. Pacific Indem. Co., 870 F. Supp. 644, 648 (E.D. Pa. 1994), in which the plaintiff was allowed to proceed based on allegations that the post-loss investigation had been performed "in an unfair and nonobjective manner." Construing the complaint generously in favor of Smith, the district court concluded that because there were allegations which, if proven, would amount to misfeasance rather than nonfeasance, the plaintiff's claim under the CPL would not be dismissed. Id. at 621. *See also* Amitia v. Nationwide Mut. Ins. Co., CA No. 08-335, 2009 U.S. Dist. LEXIS 2840, *6-*7 (M.D. Pa. Jan. 15, 2009) (plaintiffs who alleged defendant failed to evaluate their claim "promptly, objectively, and fairly" and conducted an "unfair, unreasonable, and dilatory investigation" had stated a claim under the CPL); Alberty v. Nationwide Mut. Ins. Co., CA No. 05-1319, 2006 U.S. Dist. LEXIS 68783, *10-*11 (W.D. Pa. July 7, 2006) (magistrate judge recommended that where plaintiff alleged "affirmative, intentional efforts to delay, dissuade, obstruct or otherwise 'improperly handle'" the claim, motion to dismiss should be denied); and Novick v. UnumProvident Corp., CA No. 01-258, 2001 U.S. Dist. LEXIS 9735, *7 (E.D. Pa. July 10, 2001) (allegations that the defendants were "predisposed toward terminating plaintiff's benefits and were 'extreme and outrageous' in investigating his claim" stated a cause of action under the CPL.)

In the Complaint, the Millwoods allege that State Farm:

9

- performed the investigation and claim evaluation "in such a manner as not to determine the cause of the fire or the facts, but to justify denial of the claim;"

- used "dilatory handling," engaged "in unreasonable evaluation practices," and "conducted its post-loss investigation [in] an unfair, nonobjective, biased, reckless and outrageous manner;"

- prolonged the claim process "by requesting duplicate and irrelevant information;" and

- lodged "unfounded allegations of fraud" in an effort to harass Plaintiffs and "disparage their character in order to justify denial of the claim."

(Complaint, ¶¶ 23-24.)

At this point in the litigation, we conclude Plaintiffs have sufficiently alleged acts, which if shown to have occurred, would constitute misfeasance rather than nonfeasance. *See* Cake v. Provident Life & Accident Ins. Co., CA No. 98-4945, 1999 U.S. Dist. LEXIS 371, *5 (E.D. Pa. Jan. 19, 1999) (allowing plaintiff to proceed on CPL claim inasmuch as the court could not "conscientiously conclude beyond doubt at this juncture that plaintiff will be unable to prove any set of facts on which he could prevail"); *see also* Lites v. Great Am. Ins. Co., CA No. 00-525, 2000 U.S. Dist. LEXIS 9036, *9-*11 (E.D. Pa. June 26, 2000), comparing cases in which plaintiff was allowed to proceed with claims under the CPL at the point of a motion to dismiss with cases dismissing similar claims at the summary judgment stage. Defendant's motion to dismiss Count III is therefore denied, but without prejudice; the issue may be revisited, if appropriate, at

10

a later stage in this litigation.

   C.   Analysis of Motion to Dismiss Count II

In Count II, the Millwoods allege that the actions identified in the previous section as having violated the Consumer Protection Law were done with reckless indifference to Plaintiffs' rights and "were exercised without the good faith and due care required of an insurer." (Complaint, ¶ 25.) As a result, Plaintiffs have suffered economic harm and have been required to commence this litigation in order to seek redress. Defendant's actions are acts of bad faith for which 42 Pa.C.S.A. § 8371 provides a remedy. (Id., ¶ 28.)

Defendant argues that Count II must be dismissed because under the circumstances of this case, State Farm owed no fiduciary duty to the Millwoods. That is, an insurer assumes a fiduciary duty toward an insured only when handling claims against the insured by another party, not when, as in this case, the insured is seeking to recover directly under the policy. (Def.'s Brief at 6-7.) The Millwoods respond that Count II is not a claim for breach of fiduciary duty, but rather simply a statement of the ways in which State Farm failed to exercise good faith which an insurer must use in reviewing claims. Furthermore, Plaintiffs concede that the bad faith claim "subsumes" a tort claim for breach of fiduciary duty. (Plfs.' Brief at 7-8, *citing* Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., CA No. 98-2365, 1999 U.S. Dist. LEXIS 1802, *13

11

(E.D. Pa. Feb. 8, 1999), and Wood v. Allstate Ins. Co., CA No. 96-4574, 1996 U.S. Dist. LEXIS 16332 *6 (E.D. Pa. Nov. 4, 1996)).

The criteria for bad faith claims under § 8371 are set forth in Klinger v. State Farm Mut. Auto. Ins. Co., where the Court of Appeals stated a two-part test: (1) the insurer lacked a reasonable basis for denying a claim; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. 115 F.3d 230, 233 (3d Cir. 1997), adopting the test set out in Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994), *appeal denied*, 659 A.2d 560(Pa. 1995); *see also* Amitia, 2009 U.S. Dist. LEXIS 2840 at *13, *quoting* Greene v. United Services Auto Ass'n, 936 A.2d 1178, 1188 (Pa. Super. Ct. 2007) (same).

Pennsylvania law does not recognize a separate tort-law cause of action for breach of fiduciary duty against an insurer except, as Defendant points out, in those instances where the insurer assumes the responsibility to handle claims, control settlement or otherwise conduct litigation on behalf of the insured. *See* Ingersoll-Rand Equip. Corp. v. Transportation Ins. Co., 963 F.Supp. 452, 453 (M.D. Pa. 1997), *citing* D'Ambrosio v. Pennsylvania Nat'l Mutual Casualty Ins. Co., 431 A.2d 966, 970 (Pa. 1981) (*superseded by* 42 Pa.C.S.A. § 8371), and Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 321-322 (Pa. Super. Ct. 1963). Instead, such a claim is brought in the context of a breach of contract claim.

12

Ingersoll-Rand Equip., id. Thus, where there is no third-party claim involved in the litigation, separate claims for breach of contract and breach of fiduciary duty by an insured are duplicative. See Belmont Holdings Corp., 1999 U.S. Dist. LEXIS 1802 at *11-*12, dismissing breach of fiduciary duty claim as redundant of breach of contract claim. However, "[a] bad faith action under section 8371 is neither related to nor dependent on the underlying contract claim against the insurer." Adamski v. Allstate Ins. Co, 738 A.2d 1033, 1039 n.5 (Pa. Super. Ct. 1999). Therefore, allegations that an insurer breached the contract with the insured and that in doing so, acted in bad faith in violation of § 8371, may proceed simultaneously. Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., Nos. 06-3133 and 06-3141, 2007 U.S. App. LEXIS 19069, *26-*27 (3d Cir. Aug. 9, 2007), quoting Nealy v. State Farm Mut. Auto. Ins. Co., 695 A.2d 790, 792 (Pa. Super. Ct. 1997) ("In interpreting [section 8371], this Court has consistently held that claims brought thereunder are distinct from the underlying contractual insurance claims from which the dispute arose.")

We agree with Plaintiffs that Count II, although including the word "fiduciary" three times, is founded on § 8371 and alleges numerous instances of bad faith on the part of State Farm in handling their claim. The Millwoods have proposed seeking leave of Court to amend the Complaint by eliminating those references and the Court will entertain such a motion. Defendant's pending motion

to dismiss Count II as a claim for breach of fiduciary duty is therefore denied.

An appropriate order follows.

February 5th, 2009

/s/ William L. Standish
William L. Standish
United States District Judge